**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------

STANLEY L. HOWARD,

                    Petitioner,

      v.                                        No. 05-CV-1582
                                                     (LEK/DRH)

HOWARD D. GRAHAM, Superintendent,
Auburn Correctional Facility,

                    Respondent.

--------------------------------------------------------------

**APPEARANCES:**                                  **OF COUNSEL:**

STANLEY L. HOWARD
No. 02-B-1716
Petitioner Pro Se
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821

HON. ANDREW M. CUOMO            LUKE MARTLAND, ESQ.
Attorney General for the State           Assistant Attorney General
  of New York
Attorney for Respondent
120 Broadway
New York, New York 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

     Petitioner pro se Stanley L. Howard ("Howard") is currently an inmate in the custody of the New York State Department of Correctional Services (DOCS). Howard was found guilty after a jury trial in Cayuga County Court on February 4, 2002 of three counts of first-degree robbery, one count of second-degree criminal possession of a weapon, and one

---

     [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

count of fifth-degree criminal possession of stolen property.  Howard was sentenced to a total concurrent determinate sentence of fifteen years imprisonment.  Howard now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that: (1) the evidence obtained from the search and seizure of Howard was part of an unlawful arrest and violated the Fourth Amendment, (2) the grant and petit juries were unconstitutionally selected and impaneled,[2] and (3) Howard's Sixth Amendment right to the effective assistance of counsel was violated.[3]  For the reasons which follow, the petition should be denied.[4]

### I. Background

On the evening of June 7, 2001, two men forced their way into the apartment of Stephanie Konyk ("Konyk") at 55 Market Street in the City of Auburn where they

---

[2] Howard's second ground alleges that the "grant [sic]...jury" was unconstitutional. See Docket Nos. 1 & 6.  The Court assumes that this refers to the grand jury, but Howard makes no allegations actually challenging the actions of the grand jury.  Therefore, to the extent that Howard seeks relief based on the selection of the grand jury which returned his indictment, that claim should be rejected as lacking any supporting evidence.

[3] Howard filed a traverse in response to respondent's answer raising additional grounds for relief, including: 1) witness testimony was incredible as a matter of law, 2) statements made to police by Howard while in custody were inadmissible, 3) the trial judge vouched for the "truthfulness of prosecutions witness testimony," and 4) prosecutorial misconduct and the failure of the trial court to give curative instructions, However, a traverse is not the appropriate vehicle to raise new claims.  To raise additional grounds, a petitioner must file an amended petition to provide adequate notice to the state of additional claims.  See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).  Howard failed to do so here, respondent has never been afforded an adequate opportunity to address these additional claims, and those claims should be rejected on this ground.

[4] Howard has filed another petition for a writ of habeas corpus in this district which remains pending.  See Howard v. Graham, No. 06-CV-341 (LEK/DRH) (N.D.N.Y.).

proceeded to rob Konyk and her friend, Jacqueline DeAngelis, at gun and knife point. T. (1/31/02) at 151-54.[5]  Before leaving, one of the men cut the telephone. Id. at 154.  Konyk ran to a friend's house and called the police. Id. at 158.   Descriptions of the two men were given over the police radio at which time Sheriff's Deputy Lupo began searching the area of the crime. Lupo spotted Howard walking out from behind a building and entering a car that pulled up 200 yards away from the scene of the robbery . Id. at 216-18.  The car entered an A-Plus convenient store parking lot and Lupo followed. Id. at 219.  Lupo then radioed for additional information and notified the dispatcher of a possible subject. Id. at 219.

Officer Shaft arrived at the scene and Deputy Lupo and Officer Shaft approached Howard as he exited the A-Plus. Id. at 219-20.  The officers questioned Howard and after Howard admitted having been at the victim's apartment, the officers asked if he would empty his pockets. Id. at 244-45.  Howard consented and the officers emptied Howard's pockets at which time they found a gold tennis bracelet that Howard claimed he had found on the stairs at the apartment. Id. at 246-47.  The bracelet was identified by Konyk as the tennis bracelet stolen from her during the robbery. Id. at 175.  A return visit to the A-Plus by police recovered a gun under a box and a security videotape from the store. Id. at 319, 332.  The videotape showed Howard in the vicinity where the gun was found.

Howard was found guilty and sentenced as indicated above. T. (1/31/02) at 449-

---

[5] "T." with a date in parentheses followed by a number refers to the date and the pages of the trial transcript included with respondent's answer. Docket No. 94.

52; ST. 7-8.[6]  The conviction was affirmed by the Appellate Division on December 31, 2003.  People v. Howard, A.D.3d 1323 (4th Dep't 2003).  The New York Court of Appeals denied leave to appeal on May 19, 2004.  2 N.Y. 3d 800 (2004).  Howard then filed a motion to vacate his judgement pursuant to N.Y. Crim. Proc. Law § 440.10 (McKinney 2005).  This motion was denied by the Cayuga County Court on January 30, 2004.  See Docket No. 12, Ex. J.  This action followed.[7]

## II.  Discussion

### A. Fourth Amendment

Howard claims in the first ground of his petition that his conviction was the result of an unconstitutional search and seizure in which the knife and bracelet were recovered and that evidence should have been suppressed.  Respondent counters that Howard's suppression hearing afforded a full and fair opportunity to litigate this issue before the trial court.  Respondent further contends that Fourth Amendment challenges are unavailable to a petitioner when, as here, the state provided corrective measures to litigate the claim.

When the state court "has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the [federal] Constitution does not require that a state prisoner be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Stone v. Powell, 428 U.S. 465, 482 (1976); Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).  Habeas petitions

---

[6]"ST." followed by a number refers to the pages of the transcript of Howard's sentencing included with respondent's answer.  Docket No. 94.

[7]See also note 4 supra.

claiming Fourth Amendment violations can only be sustained under two conditions: "a) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using the mechanism because of an unconscionable breakdown in the underlying process." Capellan, 975 F.2d at 70 (citing Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977)).

The procedure for suppressing evidence obtained illegally is found in N.Y. Crim. Proc. Law § 710.10 which "federal courts have approved . . . for litigating Fourth Amendment claims" as an appropriate corrective measure. Capellan, 975 F.2d at 70 n.1 (quoting Holmes v. Scully, 706 F. Supp. 195, 201 (E.D.N.Y. 1989)). Howard filed a motion to suppress here, asserting that the knife and bracelet had been obtained by an illegal search and seizure, and the court granted Howard a hearing on the issue. Howard's counsel cross-examined the testifying police officers and argued for suppression of the evidence to the trial court.

The suppression hearing was a "corrective procedure" to address the allegations of Fourth Amendment violations. Howard also presented these arguments on his direct appeal to the Appellate Division and the New York Court of Appeals. Howard took advantage of New York's "corrective procedures" at three different levels and each level found his claim without merit.

Accordingly, Howard's Fourth Amendment claim is now barred from review in this habeas corpus proceeding and for that reason should be denied and dismissed.

### B. Conduct of Trial

### 1. Improper Comments by Judge

Howard claims that the trial judge's comments throughout the trial were inappropriate and prejudicial to the defense. The record shows fourteen instances where the trial judge questioned witnesses directly to clarify testimony for the jury. T. 76, 105, 109, 112, 122, 132, 141, 160, 173, 218, 221, 224, 255. A trial judge has the opportunity to intervene and question witnesses to ensure clarity for the jury and in doing so, the judge does not violate the defendant's due process rights even when the questions benefit the prosecution. See Gayle v. Scully, 779 F.2d 802, 806 (2d Cir. 1985). Howard does not indicate which statements he found inappropriate or prejudicial, but the record shows that the questions by the judge were limited to clarification in each instance. Thus, Howard has failed to demonstrate that the judge's questions denied him a fair trial.

Accordingly, the petition on this ground should be denied.

### 2. Jury Charge

Howard next contends that the jury instruction on circumstantial evidence was improper and misleading to the jury. Errors in state jury charges are questions of state law and, therefore, not reviewable on federal habeas corpus absent a showing that the jury charge deprived the petitioner of a federal constitutional right. See Blazic v. Henderson, 900 F.2d 534, 540 (2d Cir. 1990); Valtin v. Hollins, 248 F. Supp. 2d 311, 316 (S.D.N.Y. 2003). The standard of review for state trial jury instructions in a habeas petition is not whether the "instruction is undesirable, erroneous or even 'universally condemned'" but

whether "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Wright v. Smith, 569 F.2d 1188, 1191 (2d Cir. 1978) (quoting Cupp v. Naughten, 414 U.S. 141, 146-47 (1970)).

Here, the trial judge explained circumstantial evidence as "evidence of basic facts from which there may be drawn an inference or conclusion as to the existence of other certain facts." Id. at 418. The trial court followed with an explanatory example used by many courts of waking up in the morning to fresh snow on the ground, walking outside to find the newspaper on your porch and footprints leading up to the porch in the snow from which facts a jury could infer that the paper boy had brought the paper. Id. at 419-20. Finally, the judge cautioned that "to justify a finding of guilt the inference must be such as to exclude to a reasonable doubt every reasonable hypothesis except that of guilt." Id. at 422. Howard has failed to show how the jury charge given by the trial judge for circumstantial evidence was either incorrect or, if so, prejudicial.

Accordingly, the petition on this ground should be denied.

### 3.  Verdict Sheet

Howard also claims to have been deprived of a fair trial as a result of the second verdict sheet requested by the jury which Howard contends contained parentheticals and elements of the charge that were improper. New York state law authorizes the judge to annotate a verdict sheet to distinguish charges for the jury in accordance with N.Y. Crim. Proc. Law § 310.02 (2). For a habeas petition, notations on a verdict sheet must be of such a nature that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Wright v. Smith, 569 F.2d 1188, 1191 (2d Cir.

1978) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1970)). A verdict sheet that served as nothing more "than a shorthand reference to the actual instructions the judge gave orally" and that does not mislead the jury does not violate a defendant's due process rights. See Miller v. Greene, No. CV-05-3131 (JG), 2005 WL 2757218, at *4 (E.D.N.Y. Oct. 25, 2005).

The annotations made by the judge on the jury's verdict sheet were provided after the jury requested clarification and included "armed with," "threatening use of," and "displayed", all of which came directly from the language used in the Penal Law. The annotations were intended to clarify the differences between three of the charged counts in the indictment and did not convey any improper suggestions to the jury. The annotations did no more. Moreover, the annotations were consented to by the defense before being submitted to the jury. Id. at 442-44.

Accordingly, the petition on this ground should be denied.

### C. Ineffective Assistance of Appellate Counsel

Finally, Howard claims that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment because appellate counsel did not raise claims of 1) probable cause, 2) the court's jury instruction was improper, and 3) the verdict sheet biased the jury. Howard claims that raising these issues rather than those raised would have resulted in a reversal of his conviction. Respondent contends that Howard received the effective assistance of appellate counsel.

8

To establish ineffective assistance of appellate counsel, Howard must demonstrate that (I) appellate counsel's performance fell below an objective standard of professional reasonableness, and (ii) but for appellate counsel's "unprofessional errors," the result of the proceedings would have been different, i.e., such error caused prejudice to the petitioner. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). When challenging the effectiveness of appellate counsel, a petitioner must show that counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000) (citation omitted). A petitioner asserting constitutionally deficient performance must show more than counsel's failure to raise a non-frivolous argument, as counsel is required to use professional judgment when deciding to concentrate on a few key issues while eliminating weaker arguments. Jones v. Barnes, 463 U.S. 745, 751-52 (1983); Sellan v. Kuhlman, 261 F.3d 303, 317 (2d Cir. 2001). Moreover, the Sixth Amendment does not require that all colorable state law arguments be raised on direct appeal. Sellan, 262 F.3d at 310.

Howard contends that his appellate counsel failed to raise challenges which he contends should have been raised and, if they were, would have resulted in a reversal of his conviction. Regarding Howard's claim that appellate counsel should have raised the issue of probable cause with regard to the arrest, this claim is meritless. Appellate counsel did in fact raise this issue in arguing that the tennis bracelet should not have been admitted into evidence because it was seized without probable cause by the police. See Docket No. 12, Ex. A.

Howard's claims that appellate counsel should have challenged the trial court's jury instructions and verdict sheets are unfounded claims as well.  As discussed above, these challenges are meritless and do not render Howard's appellate counsel deficient.  See Torres v. McGrath, 407 F. Supp. 2d 551, 562 (S.D.N.Y. 2006) ("'[f]ailure to make a meritless argument does not amount to ineffective assistance'") (quoting United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999)).

Finally, Howard has not established any reasonable basis to believe that these claims, had they been raised, would have resulted in a successful appeal.

Therefore, it is recommended that the petition on this ground be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: December 26, 2007
     Albany, New York

_David R. Homer_
United States Magistrate Judge